IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 1:20-cr-0010 |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| ANGELA DEE GARGES, | ) | TO DEFENDANT'S MOTION |
| | ) | TO SUPPRESS |
| Defendant. | ) | |

COMES NOW the United States of America, by and through undersigned counsel, and hereby files this resistance to the defendant's motion to suppress the evidence filed at Docket 37.

**FACTS**

The government believes that the evidence will show the following:

On January 29, 2020 at approximately 7:43 a.m., several Council Bluffs Police Officers went to Best Western Inn, 2216 27th Ave in Council Bluffs, Iowa in attempt to locate Jason Allen Byers. Byers had a valid felony arrest warrant through Douglas County, Nebraska for False Imprisonment 1st Degree.   An Omaha Police Fugitive Officer received a crime stopper's tip, from an anonymous source, stating Byers was in a motel room at the Best Western Inn with the defendant.

An employee of Best Western confirmed the defendant was currently registered to room #246; she had arrived on January 27, 2020 and was schedule to depart on January 29, 2020. Officers went to room #246 and knocked and announced their presence. The defendant answered the door and confirmed Byers was inside the room.   The defendant stepped out of the room at the request of the officer and told the police that an infant was inside the room, sleeping on one of the beds.

1

Officers next spoke with Byers who came out of the room, he was handcuffed, and place under arrested on the warrant.

Officers then went into the room to perform a safety sweep to make sure no other people were in the room as well as a welfare check of the infant.   Officers saw in plain view items of drug paraphernalia.   A glass pipe commonly used for smoking methamphetamine was lying on the counter next to the sink, a glass tray with white residue and blue straws was sitting on the back of the toilet.   A 10 month old baby was lying alone on the bed.   Once the sweep was complete, the defendant came back in the room to care for the infant.   The offices contacted the Southwest Iowa Narcotic Task Force, who responded to the scene.   The detective arrived at approximately 8:30 a.m. and *Miranda* Rights were read to the defendant. The detective was aware that the defendant was at a residence a few days prior where over a pound of methamphetamine was seized.  The defendant made statements that she was in possession of methamphetamine and paraphernalia in the motel room.   The detective next met with Byers at 9:05 a.m. and advise him of his *Miranda* Rights.   The child's mother arrived at the motel at approximately 9:30 a.m.   Then at approximately 9:52 a.m. the detective was notified by another officer that the search warrant for the motel room and car had been signed.   A search warrant was executed and methamphetamine was located in the hotel room.

**<u>ARGUMENT</u>**

The defendant asserts that an unlawful sweep was performed prior to obtaining the search warrant and the evidence obtained through the search warrant and any statements made are fruit of the poisonous tree and should be suppressed.   The government asserts that no unlawful search of the motel room was performed.   The government further asserts that the officers had authority

to conduct a protective sweep to check on the infant that the defendant told officers was in the room and assure the safety of the officers and the infant by making sure no other people were present in the room.   As the officers passed through the threshold of the motel room, the drug paraphernalia was in plain view during a lawful protective sweep.   The observation of the drug paraphernalia, along with the statements made by the defendant prior to the search but after being advised of *Miranda* warnings provided probable cause for the issuance of the search warrant. Based on the above facts, none of the evidence or statements obtained in executing the search warrant should be suppressed.

## I.   There were Exigent Circumstances Sufficient to do a Protective Sweep for the Safety of Officers and Others.

The basis for the "protective sweep" warrant exception was explained by the Supreme Court in *Maryland v. Buie*, stating, if the searching officer possesse[d] a *reasonable belief* based on *specific and articulable facts* which, taken together with the *rational inferences* from those facts, reasonably warrant[ed] the officer in believing that the area swept harbored an individual posing a danger to the officer or others." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). When officers make an arrest outside a suspect's home, if the officers have a reasonable belief based on specific and articulable facts that someone who poses a danger to the officers remains in the home, officers may lawfully perform a sweep of the residence for officer safety. *See, United States v. Brown*, 217 F.3d 605, 607 (8th Cir. 2000); *United States v. Vance*, 53 F.3d 220, 222 (8th Cir. 1995)(finding entry into house following defendant's surrender to police outside permissible). The Eighth Circuit has applied this principle to cases where a defendant has been arrested in his yard and police have swept adjacent buildings or the residence for other persons.

3

*See, United States v. Davis*, 471 F.3d 938, 944 (8th Cir. 2006) (holding sweep of residence and adjacent barn permissible). Further, the basis for doing a protective sweep is a reasonable probability that other persons may be present on the premises who pose a danger to the officers. *See, United States v. Jones*, 193 F.3d 948, 950 (8th Cir. 1999); *Brown*, 217 F.3d at 607. "The analysis of whether this exception to the warrant requirement has been made out is an objective one 'focusing on what a reasonable, experienced police officer would believe'." *United States v. Amburn*, 412 F.3d 909, 915 (8th Cir. 2005)(quoting, *United States v. Kuenstler*, 325 F.3d 1015, 1021 (8th Cir. 2003)). The Court uses a totality of the circumstances analysis to determine whether a protective sweep was permissible, namely, considering whether there were "articulable facts resulting in rational inferences that created reasonable suspicion that accomplices could pose a threat to the safety of the arresting officers." *United States v. Davis*, 471 F.3d at 945.

In this case, the arrest of Byers occurred right outside the motel room door after emerging from the motel room.   Byers had an active felony warrant for felony false imprisonment and the officers knew Byers to be dangerous from previous dealings. The defendant repeatedly told police there was an infant still in the motel room.   The officers did not know if anyone else was in the room with the infant or the safety of the child at that time.   The officers were justified in entering the motel room to do a protective sweep for any additional people as well as to check on the safety of the child. The protective sweep was quick and primarily focused on the safety of the infant as well as the officers.   (See *United States v. Villanueva*, No. 5:17-CR-50049-JLV**,** 2019 WL 2931559 **(**United States District Court, D. South Dakota, Western Division. 02/08/2019)).

## II.   The defendant's statements were made after being advised of *Miranda* Warning.

Officers contacted the Vice unit and one of the detectives arrived on scene and read the defendant her *Miranda* warnings prior to the search warrant being signed or executed.   "An individual's waiver of the Fifth Amendment privilege against self-incrimination ... is valid if made voluntarily, knowingly and intelligently." *United States v. Harper,* 466 F.3d 634, 643 (8th Cir. 2006). The Court should look to the totality of the circumstances "[w]hen determining the voluntariness of a confession." *United States v. Hyles,* 479 F.3d 958, 966 (8th Cir. 2007). The defendant admitted there may be drugs or drug paraphernalia in the room.   The detective was also aware that the defendant was at the residence of the codefendant Gantt when his home was searched and in possession of a large amount of methamphetamine.   The statements of the defendant alone provide probable cause for the officers to search the motel room.   The defendant's post *Miranda* statements were validly obtained.   Additionally, even if the court determines the officers should not have conducted a protective sweep of the room, the defendant still made admissions to law enforcement that provided probable cause to search the motel room.

## III.   The officers would have located the evidence through inevitable discovery.

Even if the Court determines that the officers should not have entered the room, it does not decide the question of whether the evidence seized from the room should be suppressed. "Suppression is not an automatic consequence of a Fourth Amendment violation. Instead, the question turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *Herring v. United States*, 555 U.S. 135, 137, (2009).   The exclusionary rule has been described as an "extreme sanction". See, *United States v. Leon*, 468 U.S. 897, 916, (1984). It is also of importance that the exclusionary rule is "calculated to prevent, not repair. Its purpose is

to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it." *Elkins v. United States*, 364 U.S. 206, 217 (1960).

Clearly, suppression does not accomplish the purpose of respect for a "constitutional guaranty".   The officers went to the room to serve an arrest warrant.   They gained nothing of evidentiary value from entering the room that they had not obtained when they spoke with the defendant after being advised of her *Miranda* warnings.   By entering the room, the officers did satisfy themselves that there was no one else in the room that was a safety hazard as well as checking on the safety of an infant.   Even if determined to be improper, the entering of the motel room to secure it but doing nothing more, hardly warrants the extreme sanction of suppression.

The evidence also should not be suppressed because it would have been "inevitably discovered" and seized by law enforcement anyway.   As an exception to the suppression of evidence, the inevitable discovery doctrine provides that the government must show by a preponderance of the evidence that; "(1) there is a reasonable probability the evidence would have been discovered by lawful means in the absence of police misconduct, and (2) the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation". *United States v. Thomas*, 524 F.3d 855, 858 (8th Cir. 2008).

The reality is that the defendant only knew the first name of the infant, only knew the first name of the mother, and did not have contact information for the mother.   Additionally the infant was in a motel room with Byers who they knew to be violent.   The police officers would not have left the child under these circumstances and in fact didn't, the infant was taken into protective custody while the mother was located.

"Probable cause requires that the circumstances set forth in an affidavit supporting an

6

application for a search warrant demonstrate a 'fair probability that contraband or evidence of a crime will be found in a particular place.' " *United States v. Tyler*, 238 F.3d 1036, 1038 (8th Cir. 2001) (quoting, *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).   Even without any of the information provided by the officers that did a sweep of the room, the defendant made statements that constituted probable cause.

There is no basis to suppress the evidence, even if this Court determines that the officers should not have entered the room, because the statement of the defendant supported a probable cause finding.

## **CONCLUSION**

The defendant has failed to establish any grounds for suppression of the evidence seized from room #246 on January 29, 2020.   The officers were attempting to locate a person that had a valid felony arrest warrant.   Even if it was improper for the officers to enter into room #246 to be sure there was no one present, nothing was seized.   Additionally, the defendant made statements that there may be drugs and paraphernalia in the hotel room.   The evidence would have been seized by law enforcement had the officers never entered the room. For the foregoing reasons, the motion to suppress should be denied.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/Shelly Sudmann*
    Shelly Sudmann
    Assistant United States Attorney
    8 South 6th Street, Suite 348
    Council Bluffs, Iowa 51501
    Tele:   (712) 256-5009
    Email:   shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY

By:   _/s/PAC_____
         Paralegal